SCOTT ERIK ASPHAUG, OSB #833674
Acting United States Attorney
District of Oregon
**PARAKRAM SINGH, OSB #134871**
Assistant United States Attorney
Parakram.Singh@usdoj.gov
1000 SW Third Ave., Suite 600
Portland, OR 97204-2902
Telephone: (503) 727-1000
Attorneys for United States of America

**UNITED STATES DISTRICT COURT**

**DISTRICT OF OREGON**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **3:21-mj-00184** |
| **v.** | **GOVERNMENT'S MEMORANDUM IN SUPPORT OF PRE-TRIAL DETENTION** |
| **THOMAS EDWARD GREEN III,** | |
| **Defendant.** | |

Defendant has engaged in multiple instances of straw purchasing of firearms. He has repeatedly lied about the identity of the purchaser and his residential address on the necessary paperwork. Defendant has bought a total of 18 firearms from May 6, 2020 to July 17, 2021, and is no longer in possession of any of them. Two firearms purchased by defendant have been recovered in firearm investigations and from a fugitive felon. On September 29, 2021, defendant was arrested while residing in an apartment with convicted felons. A search of the apartment revealed two semi-automatic firearms (not purchased by the defendant) and over a dozen empty gun boxes. Defendant is a significant threat to the safety if this community and should be detained.

## I. Factual Background

There have been several shooting incidents linked to the defendant's addresses. On May 12, 2021, Gresham police responded to 1721 SW Lillyben Avenue in Gresham, Oregon, for the report of a shooting. The occupants of the Lillyben residence were not contacted during this police action; however, twelve bullet holes were observed on the exterior of the house by officers. At the time of the shooting, Thomas Green III listed the Lillyben residence on his Oregon driver's license. GPD determined an unknown assailant shot into the residence numerous times.

On May 21, 2021, GPD responded to 1721 SW Lillyben Avenue in Gresham, Oregon, on the report of another shooting incident. GPD arrived and located several spent cartridge casings in the street in front of the residence. The subsequent investigation determined that approximately fourteen rounds were fired into the front of the residence in a drive-by shooting. Approximately twelve seconds after the last shot was fired into the house, an occupant of the residence fired approximately thirty rounds through the front walls, window, and door into the neighborhood. Multiple rounds struck occupied neighboring homes. When the rounds were fired from the inside of the house, the drive-by vehicle was long gone. Approximately fifty-six bullets had passed through this residence throughout the two shooting incidents that occurred on May 12 and May 21, 2021.

On June 3, 2021, members of the FBI Safe Streets Task Force were granted a search warrant by the Honorable Eric L. Dahlin, a Circuit Court Judge in the State of Oregon, County of Multnomah, for 1721 SW Lillyben Avenue in Gresham, Oregon. The search warrant was for evidence related to the two shootings described above. The occupants of the Lillyben residence were not present when the search warrant was executed; however, it appeared that someone was

still living at the residence. There was furniture and clothing in all of the bedrooms, food in the kitchen, and several items of value still inside the residence. Investigators later confirmed with the property manager that an eviction process had been initiated and that the eviction would be completed by June 13, 2021. The landlord told law enforcement that the residence was cleared out shortly after the execution of the search warrant on June 3, 2021. During the search of the Lillyben residence, there were no actual firearms recovered, but the following notable items were collected:

1- Nine empty semi-automatic gun cases (eight Glock brand and one Smith & Wesson brand).

2- Twenty-two spent bullets.

3- Twenty-two spent cartridge casings in multiple calibers.

4- Twenty-six semi-automatic firearm magazines (a mixture of standard size and thirty round extended capacity magazines) and one rifle magazine.

5- Receipts for gun purchases at an FFL Store showing purchases made by Thomas Green III during the time of April 10, 2020, to March 6, 2021.

6- Range bag with over four hundred spent cartridges from multiple calibers.

MCSO examined all the spent cartridges seized as part of this warrant, and thirty-three were entered into NIBIN (nationwide integrated ballistics information network). The MCSO detective was trained and certified by the ATF in August 2019 in acquisitions used for NIBIN and has maintained his certification to date. In the days and months following the execution of the search warrant at the Lillyben residence, the following NIBIN leads have been generated, linking casings from various crime scenes to the fired casings recovered from the Lillyben residence:

Item CDS57: .40 caliber spent cartridge that was in the backyard of 1721 SW Lillyben Avenue. This cartridge has been linked to three shootings in Portland. One injury shooting on April 21, 2020, documented under PPB 20-130466, one non-injury shooting on July 2, 2021, documented under PPB 21-179207, and one non-injury shooting on July 3, 2021, documented under PPB 21-181233.

Item CDS64: 9mm spent cartridge that was provided to detectives by neighbors of 1721 SW Lillyben Avenue. This cartridge has been linked to four shootings in Portland. One injury shooting on April 6, 2020, documented under PPB 20-111880, one non-injury shooting on February 28, 2021, documented under PPB 21-53935, one non-injury shooting on May 17, 2021, documented under PPB case 21-133302 and one injury shooting on June 10, 2021, documented under PPB 21-157409.

Item CDS25: .40 caliber cartridge casing found inside of a Glock case inside of 1721 SW Lillyben Avenue. Based on my training and experience, I know this to be a test fire cartridge casing that was provided by the manufacturer, Glock Inc. with the purchase of a firearm and was placed in the original gun box. The test fire cartridge was located inside a sealed envelope and labeled as being fired from a Glock, model 23, .40 caliber pistol with serial number SDU988 (refer to image below):




Item CDS25: (as referenced above) Has been linked to cartridge casings recovered from three shootings that occurred after the warrant execution of the Lillyben residence. One non-injury shooting on July 3, 2021, documented under PPB case 21-181233, one non-injury shooting on July 8, 2021, documented under PPB case 21-181233 and one non-injury shooting on July 11, 2021, documented under PPB case 21-186170. In MCSO Detective C. Stephen's investigative opinion, the same firearm was used in all these shooting incidents. The documented purchaser of the Glock, model 23, .40 caliber pistol with serial number SDU988 associated through NIBIN to the above listed shootings is

> Thomas Green III. Purchase records reflected that Thomas Green III purchased the Glock, model 23, .40 caliber pistol with serial number SDU988 on February 3, 2021, from an FFL Store in Gresham, Oregon.

On July 23, 2021, the Beaverton Police Department (BPD) conducted a traffic stop of a silver Dodge Dart with no license plates in the area of SW Allen Boulevard and SW Alger Avenue in Beaverton, Oregon. The driver, and sole occupant of the vehicle, provided multiple false names to the officer and provided no identification to support his claim of the fictitious identities. BPD ultimately learned that the driver was Christopher Miller (DOB: xx/xx/1991) and that Christopher Miller had multiple active warrants for his arrest. During a subsequent search, incident to arrest, of Christopher Miller's vehicle, BPD found a Glock, model 22, .40 caliber pistol with serial number FLA555, located inside an unzipped fanny pack. Through conversations with MCSO and other investigators, Investigators know of Christopher Miller and know Christopher Miller to be a convicted felon and a member of the criminal organization "Unthank Park Hustlers." Law enforcement is aware that Miller goes by the street name "Bleed" and that he has several felony convictions that would prohibit him from legally purchasing or possessing a firearm. According to an ATF Firearms Trace Summary report, the Glock, model 22, .40 caliber pistol with serial number FLA555, found in Miller's vehicle during the search was purchased four (4) days earlier by Thomas Green III at an FFL Store in Gresham, Oregon.

On August 6, 2021, PPB responded to a theft investigation in Portland, Oregon. PPB contacted the victim, Adult Victim 1 (DOB: xx/xx/1998), who reported Thomas Green III stole a bottle of alcohol from her kitchen and a Glock, 26 model, 9mm caliber pistol, with serial number ADZR138 from her purse. Adult Victim 1 (AV1) stated she was with Thomas Green III the previous night. On the morning of August 6, 2021, while AV1 was in the shower, she received a text message from Thomas Green III, in which he said he was leaving her residence to pick up

his child. When AV1 got out of the shower, she discovered the items missing from her residence. She stated Thomas Green III was the only person with access to her purse since the firearm was last seen in the purse.

On August 30, 2020, a Glock, model 17, 9mm caliber pistol with serial number SCY415 was recovered and traced in relation to a shooting investigation in Portland, Oregon. The trace identified Thomas Green III as the original purchaser on May 12, 2020, from an FFL located in Gresham, Oregon. The ATF trace report listed Craig Williams (DOB: 07/31/1998) as the possessor.

ATF investigators found a total of six multiple sales forms generated by several Federally Licensed Firearm Dealers (FFLs) for Thomas Green III between May 12, 2020, and July 27, 2021. The details of those multiple sales are as follows:

a. On May 12, 2020, an FFL Store, located in Gresham, Oregon, reported the sale of four firearms to Thomas Green III:

- Glock, 17 model, 9mm caliber pistol with serial number SCY415
- Taurus, PT101AF model, .40 caliber pistol with serial number SND64654
- S.C. Nova Grup S.R.L., (no model), 9mm caliber pistol with serial number RON2043898
- Glock, (no model), 9mm caliber pistol with serial number MSE632

b. On February 3, 2021, an FFL Store, located in Gresham, Oregon, reported the sale of two firearms to Thomas Green III:

- Glock, 23 model, .40 caliber pistol with serial number SDU988
- Glock, 23 model, .40 caliber pistol with serial number VVZ522

c. On June 30, 2021, an FFL Store, located in Gresham, Oregon, reported the

sale of three (3) firearms to Thomas Green III:

- Glock, 23 model, .40 caliber pistol with serial number GGK498
- Glock, 23 model, .40 caliber pistol with serial number GGK470
- Glock, 22 model, .40 caliber pistol with serial number CPR748US

d. On June 30, 2021, an FFL Store, located in Portland, Oregon, reported the sale of two firearms to Thomas Green III:

- HS Produkt, XDE model, .45 caliber pistol with serial number BA344784
- Bersa, TPR45C model, .45 caliber pistol with serial number J43735

e. On July 19, 2021, an FFL Store, located in Gresham, Oregon, reported the sale of four firearms to Thomas Green III:

- Glock, 22 model, .40 caliber pistol with serial number SHR923
- Glock, 22 model, .40 caliber pistol with serial number DPV436US
- Glock, 22 model, .40 caliber pistol with serial number FLA555
- Glock, 22 model, .40 caliber pistol with serial number HYN957

f. On July 27, 2021, FFL Store, located in Gresham, Oregon, reported the sale of three firearms to Thomas Green III:

- Glock, 21 model, .45 caliber pistol with serial number PZA069
- Glock, 22 model, .40 caliber pistol with serial number VGH474
- Glock, 43 model, 9mm caliber pistol with serial number AFGL532

ATF requires FFLs to complete a Firearms Transaction Record (ATF Form 4473) each time they sell/transfer a firearm to an individual. ATF Form 4473s are the official records of firearm sales for the FFL and contain sections that must be completed by the seller and purchaser. After collecting and reviewing several of these ATF Form 4473s, Investigators

determined that Thomas Green III had purchased eighteen firearms on eight different occasions from just two FFL Stores from May 6, 2020, to July 17, 2021.

Thomas Green III continued to list his current address as "1721 SW Lillyben Avenue, Gresham, Oregon" when completing ATF Form 4473, even after being evicted from the property in mid-June of 2021. Investigators also determined Thomas Green III spent $6,024 (not including processing/background check fees, accessory, or ammunition purchases) in firearms purchases (sixteen (16) firearms) from May 6, 2020, to July 17, 2021, at one store alone, most of which were in cash.

## II. Applicable Law

The Bail Reform Act provides for pretrial detention where no condition or combination of conditions will reasonably assure the defendant s appearance or the safety of the community. 18 U.S.C. 3142(e). The government must establish risk of flight by a clear preponderance of the evidence. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985). A finding that the defendant represents a danger to the community must be supported by clear and convincing evidence. *Id*. *See also* 18 U.S.C. 3142(f).

When making a determination for detention, the relevant factors include (1) the nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a minor victim; (2) the weight of the evidence against the person; (3) the history and characteristics of the person, including the person's character, physical and mental condition, family and community ties, employment, financial resources, past criminal conduct, history relating to drug or alcohol abuse, and supervision status at the time of the current offense; and (4) the nature and seriousness of the danger to any person or the community that would be posed by

the defendant's release. 18 U.S.C. § 3142(g); *United States v. Hir*, 517 F.3d 1081, 1086 (9th Cir. 2008)

The Federal Rules of Evidence do not apply in pretrial detention proceedings. Fed. R. Evid. 1101(d)(3); 18 U.S.C. § 3142(f)(2)(B). Accordingly, both the government and the defense may present evidence by proffer or hearsay. *Winsor*, 785 F.2d at 756.

## III. Defendant is a Danger; He Should be Detained.

Defendant was temporarily detained after his initial appearance on September 29, 2021. Defendant is seeking the appointment of conflict-free counsel and no formal findings regarding detention or release have been made as yet.

### a. The Nature & Circumstances of this Offense, 3142(g)(1)

Defendant is charged with Falsifying Records in Connection With the Acquisition of a Firearm and Making False Statements in a Record Required to be Kept by a Federal Firearms Licensee. Defendant is alleged to have conducted several firearm transactions in this manner and is now no longer in possession of these firearms.

Defendant has consistently made firearm purchases and has purchased more firearms beyond what is stated in the timeline of this investigation. Defendant currently has three firearms that he has paid for, and that are awaiting the clearing of a background check at an a Gresham gun store.

During a recent firearm purchase, defendant was seen driving to the gun store with a known gang member, and felon, in the vehicle with him. Defendant purchased firearms, returned to his vehicle, and drove his most recent residence with the gang associate.

**b. The Weight of the Evidence, 3142(g)(2)s**

There is significant evidence connecting defendant to the charges. Eyewitness testimony regarding the purchase of weapons; and forms filled out by the defendant himself, where he falsely claimed that he was the buyer of the firearms. And his continued reporting of a residential address that was not current.

Defendant was arrested on September 29, 2021, during the execution of a search warrant. Investigators located over a dozen empty gun boxes. None of the firearms purchased by defendant in the last 15 months were found in his possession.

**c. Defendant's History & Characteristics, 3142(g)(3)**

Defendant appears to be physically healthy and has family that lives in the Portland area. Defendant has lived in the community for about six years. However, an examination of social media shows a significant association with members of the criminal gang, the Unthank Park Hustlers. Defendant is seen in several posts posing with known gang members and holding firearms. At the time of his arrest, defendant was residing with a known gang member. During his recent jail booking, defendant admitted to being a member of the Unthank Park Hustlers.

Defendant does not have any criminal history that the government is aware of. This lack of history was what made defendant eligible to purchase several firearms.

Defendant also appears to be unemployed or under employed for the last year. According to records obtained from the Oregon Employment Department, he has earned $5,243.39 from April 2020 to present. The defendant has spent $6024 on guns at a single firearm store.

**d. Nature & Seriousness of the Danger Posed by Defendant's Release, 3142(g)(4)**

The City of Portland is currently experiencing a record number of shootings. Portland has had 946 non-suicide shootings as of September 30, 2021. Defendant has been connected to several shooting incidents and has purchased several firearms that have been unlawfully introduced into the illicit gun market. Defendant was recently arrested in apartment with two gang associates. Both associates are convicted felons.

At the time of the arrest investigators located two firearms in the premises along with several gun boxes. One firearm had a high-capacity magazine inserted into it. The second firearm was test fired; and an analysis of the test fired casing revealed that the firearm was used in a shooting in Portland in 2020, where 14 rounds were fired into an apartment.

A gun box in the apartment yielded a shell casing. Analysis connected it to a firearm that was a part of a firearm investigation in 2020 in Clackamas County. Defendant is not yet under indictment, and as a result is still not prohibited from purchasing firearms.

## IV. CONCLUSION

The relevant inquiry for the court is whether there are conditions that can be placed upon defendant that that will reasonably assure the safety of the community and defendant's appearance in court. Here, the statutory factors weigh heavily against the defendant's release. Accordingly, defendant should be detained.

Dated: October 4, 2021.

Respectfully submitted,

SCOTT ERIK ASPHAUG
Acting United States Attorney

/s/ Parakram Singh
PARAKRAM SINGH, OSB #134871
Assistant United States Attorney